J-S62003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUZANNE LUCY SCHOFF | |
| Appellant | No. 930 MDA 2017 |

Appeal from the PCRA Order Entered May 24, 2017
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005312-2003

BEFORE:  STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 15, 2017**

Appellant Suzanne Lucy Schoff, *pro se*, appeals from the May 24, 2017 order entered in the Court of Common Pleas of York County ("PCRA court"), which dismissed as untimely her serial petition for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed.[1] Briefly, following a jury trial, Appellant was convicted—for her role in the murder of her ex-husband, Frank L. Schoff III—of first-degree murder and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We need not recite the full facts giving rise to this appeal as they are not relevant for purposes of disposition.

criminal conspiracy to commit first-degree murder.[2]  On October 15, 2004, the trial court sentenced her to life imprisonment without parole.[3]  Appellant timely appealed to this Court.  On November 2, 2006, a panel of this Court affirmed her judgment of sentence.  *See Commonwealth v. Schoff*, 911 A.2d 147, 162 (Pa. Super. 2006).  Appellant did not petition for allowance of appeal.  As a result, Appellant's sentence became final on December 4, 2006.

On November 30, 2007, Appellant filed timely her first PCRA petition, which the PCRA court denied on September 16, 2008.  A panel of this Court affirmed the PCRA court's denial of her petition on November 20, 2009.  *See Commonwealth v. Schoff*, 988 A.2d 730 (Pa. Super. 2008) (unpublished memorandum).  Our Supreme Court denied Appellant's petition for allowance of appeal.  *See Commonwealth v. Schoff*, 995 A.2d 353 (Pa. 2010).

On August 16, 2012, Appellant, *pro se*, filed her second PCRA petition, which the PCRA court denied as untimely.  On December 22, 2016, Appellant, *pro se*, filed her third—the instant—PCRA petition, asserting ineffective assistance of counsel claims.  The PCRA court appointed counsel who eventually filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and petitioned to withdraw from the case.  The PCRA court granted counsel's petition on February 16, 2017.  Thereafter, following

---

[2] 18 Pa.C.S.A. §§ 2502(a) and 903.

[3] The trial court also sentenced Appellant to a consecutive term of 240 to 480 months in prison for conspiracy to commit first-degree murder.

the PCRA court's issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on May 24, 2017. Appellant timely appealed to this Court.

On appeal,[4] Appellant presents two issues for our review, reproduced here verbatim:

> [I.] Did court err in finding attorney Korey Leslie failure to file a Petition for Allowance with the Pennsylvania Supreme Court?
>
> [II.] Has the P.C.R.A. Court erroneously determined that the P.C.R.A. filed by appellant was untimely?

Appellant's Brief at v (sic).

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[4] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated earlier, the record reflects Appellant's judgment of sentence became final on December 4, 2006. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from December 4, 2006, to file her PCRA petition, the current filing is facially untimely given it was filed on December 22, 2016, nearly a decade later.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the PCRA court

did not err in dismissing as untimely Appellant's instant, her third, PCRA petition for want of jurisdiction.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2017